UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HUMBERTO H. VALDIVIA,
And other similarly situated individuals,

    Plaintiff (s),

v.

IMPERIAL AIR SERVICES INC,
And EDGARDO VERGNE, individually

    Defendants.

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff HUMBERTO H. VALDIVIA and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants IMPERIAL AIR SERVICES INC, and EDGARDO VERGNE, individually, and alleges:

1. This is an action to recover monetary damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff HUMBERTO H. VALDIVIA is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant IMPERIAL AIR SERVICES INC, (hereinafter IMPERIAL AIR SERVICES, or Defendant) is a Florida Profit Corporation having a place of

business in Miami, Dade County, Florida. Defendant is engaged in interstate commerce.

4. Individual Defendant EDGARDO VERGNE was and is now the owner/partner/officer and manager of Defendant Corporation IMPERIAL AIR SERVICES. Defendant EDGARDO VERGNE directed and controlled Plaintiff's work. By virtue of this control, EDGARDO VERGNE is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff HUMBERTO H. VALDIVIA brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after July 2020, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant IMPERIAL AIR SERVICES provides aircraft and air cargo pallet repair services.

8. The employer IMPERIAL AIR SERVICES was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

10. Defendants IMPERIAL AIR SERVICES and EDGARDO VERGNE employed Plaintiff HUMBERTO H. VALDIVIA as an aircraft pallet repair technician, from approximately March 15, 2019, to this date July 28, 2023. Plaintiff had been working for four years and four months with Defendants. Plaintiff is still working for Defendants. For FLSA purposes, Plaintiff's relevant employment period is 156 weeks. However, Plaintiff is claiming overtime wages only for a period of 26 weeks.

11. Plaintiff was a non-exempted, full-time, hourly aircraft pallet repair technician. Plaintiff's wage rate is $14.90 an hour. Plaintiff's overtime rate should be $22.35 an hour.

12. Within Plaintiff's relevant period of employment, there was a period in which Plaintiff worked overtime hours without receiving proper compensation.

13. Approximately from October 01, 2022, to March 30, 2023, or 26 weeks, Plaintiff worked six days per week. Plaintiff worked from Monday to Friday from 8:00 AM to 5:00 PM (9 hours each day), and on Saturdays, Plaintiff worked from 9:00 AM to 4;00 PM (7 hours). Plaintiff worked a total of 47 hours weekly. Plaintiff had deducted 5 hours of lunchtime.

14. In that period, Plaintiff was paid only 40 regular hours, and he was not paid for 7 overtime hours.

15. During the same period, Plaintiff accumulated in 10 weeks 2 additional overtime hours, which constituted 20 hours of additional unpaid overtime hours.

16. Plaintiff clocked in and out and Defendants could keep track of the hours worked by Plaintiff and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

18. Plaintiff was paid with checks and paystubs that did not reflect the number of hours worked. Plaintiff was paid by direct deposits.

19. Plaintiff disagreed with the lack of pay for overtime hours, and he complained on multiple occasions to his superiors, but they did not fix the problem.

20. At times mentioned, individual Defendant EDGARDO VERGNE was and is now the owner/partner/officer and manager of IMPERIAL AIR SERVICES. Defendant EDGARDO VERGNE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in the interests of IMPERIAL AIR SERVICES concerning its employees, including Plaintiff and others similarly situated. Defendant EDGARDO VERGNE had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

21. Plaintiff HUMBERTO H. VALDIVIA seeks to recover unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

22. At this time, Plaintiff is not in possession of time and payment records, but he will provide a good-faith estimate of unpaid wages based on his best recollections.

23. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant period but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40)

24. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

25. Plaintiff HUMBERTO H. VALDIVIA re-adopts every factual allegation stated in paragraphs 1-24 above as stated in full herein.

26. This action is brought by Plaintiff HUMBERTO H. VALDIVIA and those similarly situated to recover from their Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207.  29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendants IMPERIAL AIR SERVICES and EDGARDO VERGNE employed Plaintiff HUMBERTO H. VALDIVIA as an aircraft pallet repair technician, from approximately March 15, 2019, and to this date July 28, 20223, Plaintiff had been working for four years and four months with Defendants. Plaintiff is still working for Defendants. For FLSA purposes, Plaintiff's relevant employment period is 156 weeks. However, Plaintiff is claiming overtime wages only for a period of 26 weeks.

28. Plaintiff was a non-exempted, full-time, hourly aircraft pallet repair technician. Plaintiff's wage rate is $14.90 an hour. Plaintiff's overtime rate should be $22.35 an hour.

29. Within Plaintiff's relevant period of employment, there was a period in which Plaintiff worked overtime hours without receiving proper compensation.

30. From Approximately October 01, 2022, to March 30, 2023, or 26 weeks, Plaintiff worked six days per week a total of 47 hours. Plaintiff has already deducted 5 hours of lunchtime.

31. In that period, Plaintiff was paid only 40 regular hours, and he was not paid for 7 overtime hours.

32. During the same period, Plaintiff accumulated in 10 weeks 2 additional overtime hours which constituted 20 unpaid overtime hours.

33. Plaintiff clocked in and out and Defendants could keep track of the hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

35. Plaintiff was paid with checks and paystubs that did not reflect the number of hours worked.

36. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39. Defendants violated the Posting requirements of 29 USC § 516.4.

40. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Four Thousand Five Hundred Fourteen Dollars and 00/100 ($4,514.00)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment: More than 4 years
    Total number of relevant weeks: 26 weeks
    Total number of hours worked: 47 hours weekly
    Total number of unpaid O/T hours: 7 hours weekly
    Regular rate: $14.90 x 1.5=$22.35
    O/T rate: $22.35

    **1.- O/T Calculations for 26 weeks of 47 hours weekly.**

    O/T rate $22.35 x 7 O/T hours=$156.45 weekly x 26 weeks=$4,067.00

    **2.- O/T Calculations for 20 O/T hours accumulated in 26 weeks**

    O/T rate $22.35 x 20 O/T hours=$447.00

    Total #1 and #2: $4,514.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.[1]

41. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §§ 201-219 and 29 CFR § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his right to amend the calculations.

Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

42. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one-half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

43. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. Defendants IMPERIAL AIR SERVICES and EDGARDO VERGNE willfully and intentionally refused to pay Plaintiff HUMBERTO H. VALDIVIA overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff seeks to recover unpaid overtime wages accumulated during his time of employment.

46. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff HUMBERTO H. VALDIVIA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff HUMBERTO H. VALDIVIA and other similarly situated and against the Defendants IMPERIAL AIR SERVICES and EDGARDO VERGNE based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff HUMBERTO H. VALDIVIA an equal amount in double damages/liquidated damages; and

D. Award Plaintiff HUMBERTO H. VALDIVIA reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff HUMBERTO H. VALDIVIA and those similarly situated demand trial by jury of all issues as of right by jury.

DATE: July 28, 2023,

Respectfully Submitted,

By: __/s/ Zandro E. Palma_____
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500

        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*